SCHOOL-DISTRICT No. 1 IN WALPOLE *v.* PRENTISS *& a.*

The statute (G. L., *c.* 85, *s.* 4) which authorizes towns, by vote, to divide the school-money among the districts, is not in conflict with the constitution.

Nor was that provision repealed by Laws of 1885, *c.* 43.

PETITION, for a *mandamus* to compel the defendants, the selectmen of Walpole, to assign to the plaintiffs a share of the school-

money for the year 1888, proportionate to the assessed valuation of the district for that year.

The town is divided into two school-districts, of which the plaintiffs are one and the remainder of the town the other. The assessors' valuation in 1888 of the plaintiff district was $445,168, and of the town district $1,011,406. There were eighty-one scholars in the former district and two hundred and seventy-four in the latter. At the annual meeting in March, 1888, the town voted that the school-money "be apportioned by giving one hundred and thirty dollars to each school, and dividing the balance *pro rata* by the scholar." The plaintiffs claim that the vote is of no force or effect, because the statute authorizing it (G. L., *c.* 85, *s.* 4) is unconstitutional, and if not, is repealed by *c.* 43, Laws of 1885.

*Ira Colby* and *J. G. Bellows*, for the plaintiffs.

*B. Lovell*, *A. S. Wait*, and *W. S. Ladd*, for the defendants.

CARPENTER, J. The statute (G. L., *c.* 85, *s.* 4) authorizing towns to direct in what manner the school-money shall be assigned to the school-districts is not unconstitutional. Taxes must be proportionally assessed on persons and property; but there is no constitutional provision that money raised by taxation must be appropriated in such a manner that the several tax-payers, or districts of tax-payers, will be directly benefited in proportion to the amount of their taxes. Such a provision, if it existed, could not be executed. The requirements of the constitution, in this respect, are answered if the public money is applied to the public uses of the political division for which it is raised. The division of the school-money among the several districts of the town is a matter of local concern. No one has any direct interest in it except the citizens of the town. Whether the money shall be assigned in proportion to the valuation, or to the number of scholars of the districts, or in some other way, are questions which they, by reason of their knowledge of the character and necessities of each district, are peculiarly qualified to decide. The authority of the legislature to confer upon towns powers of local self-government is unquestionable. *State* v. *Noyes*, 30 N. H. 279, 292, 293; *Bowles* v. *Landaff*, 59 N. H. 164, 192; *Gould* v. *Raymond*, 59 N. H. 260, 276; *State* v. *Hayes*, 61 N. H. 264, 326–337.

The statute in question is not repealed by the act of 1885, establishing the town system of schools; it is not inconsistent with any part of that act. The latter makes no provision for the assignment of the school-money. The school board have no authority to apportion or divide it in any manner between the two or more districts which may exist in the town. By section 6 they are required to "provide schools . . . at such places and times as in their judgment shall best subserve the interests of education,

and as shall give all the scholars of the town as nearly equal advantages as may be practicable." But they cannot locate or build school-houses (G. L., *c.* 88, *ss.* 2, 5, 7, and 14), or determine what sum, if any, the district shall raise for the support of schools in addition to the tax required by law. G. L., *c.* 86, *s.* 18. To effectuate the purposes expressed in section 6, their power is limited to the appropriation of the money raised by, or lawfully assigned to, the district. If the town constitutes but one district, there is no occasion for a division of the money, and the statute has no application. It is as important now as it was prior to the act of 1885 that the power to assign the school-money to the districts be vested in the towns. A general law, providing that it be divided between the districts according either to the number of scholars or to the valuation, might in some cases work injustice,—render it impossible for the school board " to give all the scholars as nearly equal advantages as may be practicable," and thus defeat one of the chief objects of the law. Either method of division might deprive a portion of the scholars of nearly all schooling. A special district might contain nine tenths of the taxable property of the town and only one tenth of the whole number of scholars, or it might contain only one tenth of the property and nine tenths of the scholars.

*Petition dismissed.*

CLARK, J., did not sit: the others concurred.